UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>BIBIANA M. RODRIGUEZ,<br><br>          *Debtor.*<br>―――――――――――――――――――<br>BIBIANA M. RODRIGUEZ<br><br>          *Plaintiff,*<br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>          *Defendant.* | CASE NO. 11-18847-RGM<br><br>CHAPTER 13<br><br><br><br><br><br>ADVERSARY PROCEEDING<br><br>NO. 13-01016-RGM |

**ANSWER TO FIRST AMENDED COMPLAINT**

COMES NOW Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), by counsel, pursuant to Fed. R. Civ. P. 12, as incorporated by Fed. R. Bankr. P. 7012(b), and without waiving its pending Motion to Dismiss, and files its Answer ("Answer") to the First Amended Complaint (the "Am. Compl.").

**JURISDICTION AND VENUE**

1.     Paragraph 1 is a legal conclusion regarding jurisdiction to which no response is required. To the extent a response is required, Wells Fargo denies the allegations of paragraph one.

―――――――――――――――――

Richard E. Hagerty
VSB No. 47673
Billy B. Ruhling, II
VSB No. 45822
*Attorneys for Wells Fargo Bank, N.A.*
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, Virginia  22102
703-734-4334
703-734-4340 (facsimile)
richard.hagerty@troutmansanders.com
bill.ruhling@troutmansanders.com

2.      Paragraph 2 is a legal conclusion regarding venue to which no response is required.

3.      Wells Fargo is without sufficient knowledge of the truth or falsity of the allegations of paragraph 3 and consequently denies same.

4.      Wells Fargo is without sufficient knowledge of the truth or falsity of the allegations of paragraph 4 and consequently denies same.

5.      Wells Fargo admits that it filed two Proofs of Claim in Plaintiff's bankruptcy proceedings because it is the owner and servicer of the Note and Deed of Trust secured by the property located at 9695 Lindenbrook Street, Fairfax, Virginia.  Wells Fargo does not have a principal office insofar as it is a national bank.  Its articles of association designate Sioux Falls, SD as the location of its home office.  Wells Fargo admits that it operates branch offices within this judicial district.  The remainder of paragraph 7 is a legal conclusion to which no response is required.

6.      Paragraph 6 refers to a document referred to as "petition for relief."  Wells Fargo asserts that the petition for relief speaks for itself.

7.      In response to paragraph 7, Wells Fargo admits that it filed a Proof of Claim, an Amended Proof of Claim on May 21, 2012, Exhibits to the Proofs of Claim on June 12, 2012 and June 13, 2012, and Notice for Post-Petition Late Fees.  Wells Fargo admits that Plaintiff filed objections to the Proof of Claim and Amended Proof of Claim.  Wells Fargo is without sufficient knowledge of the truth or falsity of the remaining allegations of paragraph 7 and consequently denies same.

8.      In response to paragraph 8, Wells Fargo asserts that paragraph 8 refers to documents described as the Note and Deed of Trust.  Wells Fargo asserts that the Note and Deed of Trust speak for themselves.  Wells Fargo is without sufficient knowledge of the truth or falsity of the remaining allegations of paragraph 8 and consequently denies same.

## DISALLOWANCE OF CLAIMS

9.      Paragraph 9 is a legal conclusion to which no response is required.  Wells Fargo is without sufficient knowledge of the truth or falsity of the remaining allegations of paragraph 9 and consequently denies same.

10.      In response to paragraph 10, Wells Fargo asserts that paragraph 10 refers to Federal Rule of Bankruptcy Procedure 3001(c)(2)(A) and *In re Depugh*, 409 B.R. 84, 98 (Bankr. S.D. Tex. 2009).  Federal Rule of Bankruptcy Procedure 3001(c)(2)(A) and *In re Depugh*, 409 B.R. 84, 98 (Bankr. S.D. Tex. 2009) speak for themselves.  To the extent that Plaintiff's citation and/or recitation of these materials is intended to represent some inference or conclusion, Wells Fargo denies the same.

11.      In response to paragraph 11, Wells Fargo asserts that paragraph 11 refers to Federal Rule of Bankruptcy Procedure 3001(c).  Federal Rule of Bankruptcy Procedure 3001(c) speaks for itself.  To the extent that Plaintiff's citation and/or recitation of the Rule is intended to represent some inference or conclusion, Wells Fargo denies the same.

12.      In response to paragraph 12, Wells Fargo asserts that paragraph 12 refers to Proof of Claim 1-1 and Fed. R. Bankr. P. 3001.  Proof of Claim 1-1 and Fed. R. Bankr. P. speak for themselves.    Moreover, Wells Fargo avers that Proof of Claim 1-1 was amended by Proof of Claim 1-2, thereby rendering Proof of Claim 1-1 inoperative and moot.  Paragraph 12 also contains a legal conclusion to which no response is required.  Wells Fargo denies the remaining allegations of paragraph 12.

13.      In response to paragraph 13, Wells Fargo asserts that paragraph 13 refers to Attachment A to Proof of Claim 1-1.  Attachment A to Proof of Claim 1-1 speaks for itself. Wells Fargo denies the remaining allegations of paragraph 13.

14.     In response to paragraph 14, Wells Fargo asserts that paragraph 14 refers to Proof of Claim 1-1's "Mortgage Proof of Claim Attachment." Proof of Claim 1-1's "Mortgage Proof of Claim Attachment" speaks for itself. Wells Fargo denies the remaining allegations of paragraph.

15.     Wells Fargo denies the allegations of paragraph 15.[1]

16.     In response to paragraph 16, Wells Fargo avers that it paid the amounts for Hazard Insurance previously disclosed in its Proofs of Claim, supporting attachments, and exhibits. Wells Fargo is without sufficient knowledge of the truth or falsity of the remaining allegations of paragraph 16 and consequently denies same.

17.     In response to paragraph 17, Wells Fargo asserts that paragraph 17 refers to the Plan dated January 8, 2013. The Plan dated January 8, 2013 speaks for itself. Paragraph 17 also contains a legal conclusion to which no response is required. Wells Fargo denies the remaining allegations of paragraph 17.

18.     In response to paragraph 18, Wells Fargo asserts that paragraph 18 refers to Claim 1-1's BEA Statement and Exhibit A to Defendant's First Motion to Dismiss. Claim 1-1's BEA Statement and Exhibit A to Defendant's First Motion to Dismiss speak for themselves. Wells Fargo denies the remaining allegations of paragraph 18.

19.     In response to paragraph 19, Wells Fargo avers that the only change to post-petition change to the mortgage payment occurred as a result of the Court's *sua sponte* Order Modifying

---

[1] In response to Footnote 1 to Paragraph 15, Wells Fargo admits that it has provided certain documentation to Debtor relating to Hazard Insurance. To the extent that Plaintiff asserts in this paragraph, and throughout his Amended Complaint, that perceived failures to produce certain matters in discovery constitutes a basis for affirmative relief, Wells Fargo notes that Local Bankruptcy Rule 7026(C) provides the sole means to address discovery disputes and that Plaintiff has not complied with that provision. To the extent that the Court deems Plaintiff's unorthodox approach to be a valid claim for relief, Wells Fargo denies the remaining allegations of Footnote 1 and of all similar claims that Wells Fargo has failed to produce matters in discovery.

Automatic Stay entered by the Court on May 1, 2012.  Wells Fargo denies the remaining allegations of paragraph 19.

20.    In response to paragraph 20, Wells Fargo submits the Note and Deed of Trust are properly part of the record and therefore available as exhibits to the Proofs of Claim.  Wells Fargo further avers that paragraph 20 contains legal conclusions and argument, which require no response.  Wells Fargo denies the remaining allegations of paragraph 20.

21.    In response to paragraph 21, Wells Fargo admits that the "Temporary Modification Agreement" was not attached to the Proofs of Claim.  Wells Fargo admits that the Temporary Modification Agreement was attached as an exhibit to its first Motion to Dismiss.

22.    Wells Fargo denies the allegations of paragraph 22.

23.    Wells Fargo denies the allegations of paragraph 23.

24.    In response to paragraph 24, Wells Fargo avers that it provided Plaintiff with notice of the change in Indexes prior to the implementation of the changes.  To the extent that Plaintiff is asserting Defendants had an obligation to provide additional information regarding the indexes through discovery, that allegation is denied. Moreover, to the extent that Plaintiff asserts in this paragraph that perceived failures to produce certain matters in discovery constitutes a basis for affirmative relief, Wells Fargo notes that Local Bankruptcy Rule 7026(C) provides the sole means to address discovery disputes and that Plaintiff has not complied with that Rule.  To the extent that the Court deems Plaintiff's unorthodox approach to be a valid claim for relief, Wells Fargo denies the remaining allegations.

25.    In response to paragraph 25, Wells Fargo asserts that paragraph 25 refers to Exhibits 1, 2, and 3 to the First Amended Complaint.  Exhibits 1, 2, and 3 speaks for themselves.

26.      Wells Fargo admits the allegations of paragraph 26 but further avers that Plaintiff's

failure to make changes to the instruments imputes no legal liability to Wells Fargo.

27.      In response to paragraph 27, Wells Fargo asserts that paragraph 27 refers to Exhibit1 to

the First Amended Complaint, 11 U.S.C. § 502(b)(1), and *Wells Fargo Bank Minnesota, N.A. v.*

*Guarnieri* 308 B.R. 122 (D. Conn. 2004), *aff'g In re Guarnieri*, 297 B.R. 365 (Bankr. D. Conn.

2003).  Exhibit 1, 11 U.S.C. § 502(b)(1), and *Wells Fargo Bank Minnesota, N.A. v. Guarnieri*

308 B.R. 122 (D. Conn. 2004), *aff'g In re Guarnieri*, 297 B.R. 365 (Bankr. D. Conn. 2003)

speak for themselves.  Wells Fargo further asserts that the paragraph contains multiple legal

conclusions, none of which is accurate, but for which no response is required.  Wells Fargo

denies the allegations of paragraph 27.

28.      In response to paragraph 28, Wells Fargo asserts that paragraph 28 refers to Wells

Fargo's response to Plaintiff's First Request for Interrogatories and the Plan dated January 8,

2013.  Wells Fargo's response to Plaintiff's First Request for Interrogatories and the Plan dated

January 8, 2013 speak for themselves.  The remainder of paragraph 28 contains a legal

conclusion to which no response is required.  To the extent that the late fees referred to in

paragraph 28 were considered post-petition late fees, such fees were withdrawn from Claim 1-2

in docket entry 86 on February 26, 2013 and are therefore moot.  Wells Fargo denies the

remaining allegations contained in paragraph 28.

29.      In response to paragraph 29, Wells Fargo asserts that paragraph 29 refers to Claim 1-1,

Exhibit 1 to the First Amended Complaint, 11 U.S.C. § 502(b)(1), and *In re Graboyes*, 371 B.R.

113 (Bankr. E.D. Pa. 2007).  Claim 1-1, Exhibit 1 to the First Amended Complaint, 11 U.S.C. §

502(b)(1), and *In re Graboyes*, 371 B.R. 113 (Bankr. E.D. Pa. 2007) speak for themselves. Wells Fargo denies the remaining allegations of paragraph 29.[2]

30.      In response to paragraph 30, Wells Fargo asserts that paragraph 30 refers to Exhibit A to Wells Fargo's first Motion to Dismiss and Exhibit 3 to the First Amended Complaint.  Exhibit A to Wells Fargo's first Motion to Dismiss and Exhibit 3 to the First Amended Complaint speak for themselves.  Wells Fargo denies the remaining allegations in paragraph 30.

31.      In response to paragraph 31, Wells Fargo asserts that paragraph 31 refers to a document, which speaks for itself.  Wells Fargo denies the Plaintiff's characterization of the information contained therein as well as the inferences she draws therefrom.  Further, Wells Fargo denies the remaining allegations of paragraph 31.

32.      In response to paragraph 32, Wells Fargo asserts that paragraph 32 refers to Exhibit 7 to the First Amended Complaint and Exhibit A to Wells Fargo's first Motion to Dismiss.  Exhibit 7 to the First Amended Complaint and Exhibit A to Wells Fargo's first Motion to Dismiss speak for themselves.  Wells Fargo denies the Plaintiff's characterization of the information contained therein as well as the inferences she draws therefrom.  Further, Wells Fargo denies the remaining allegations of paragraph 32.

33.      In response to paragraph 33, Wells Fargo asserts that paragraph 33 refers to Exhibit 7 to the First Amended Complaint.  Exhibit 7 to the First Amended Complaint speaks for itself. Wells Fargo denies the Plaintiff's characterization of the information contained therein as well as the inferences she draws therefrom.  Further, Wells Fargo denies the remaining allegations of paragraph 33.

34.      Wells Fargo denies the allegations of paragraph 34.

---

[2] Wells Fargo denies the allegations in Footnote 2.

35.     In response to paragraph 35, Wells Fargo admits that Wachovia Corporation acquired Golden West Financial Corporation and World Savings Bank, FSB in an acquisition announced in 2006 and asserts that World Savings Bank, FSB changed its name to Wachovia Mortgage, FSB as of December 31, 2007.

36.     Wells Fargo is without sufficient knowledge of the truth or falsity of the allegations of paragraph 36 and consequently denies same.

37.     Wells Fargo is without sufficient knowledge of the truth or falsity of the allegations of paragraph 37 and consequently denies the same.

38.     Wells Fargo is without sufficient knowledge of the truth or falsity of the allegations of paragraph 38 and consequently denies same.

39.     Wells Fargo denies the allegations of paragraph 39.

40.     Wells Fargo is without sufficient knowledge of the truth or falsity of the allegations of paragraph 40 and consequently denies same.

41.     Wells Fargo denies the allegations of paragraph 41.

42.     In response to paragraph 42, Wells Fargo asserts that paragraph 42 refers to the Note attached as Exhibit 1 to the First Amended Complaint.  The Note speaks for itself.

43.     Wells Fargo is without sufficient knowledge of the truth or falsity of the allegations of paragraph 43 and consequently denies same.

44.     In response to paragraph 44, Wells Fargo asserts that paragraph 44 refers to Exhibit 8 to the First Amended Complaint.  Exhibit 8 speaks for itself.  Wells Fargo is without sufficient knowledge of the truth or falsity of the allegations of paragraph 44 and consequently denies same.

45.     In response to paragraph 45, Wells Fargo asserts that paragraph 45 refers to Exhibit 8 to the First Amended Complaint.  Exhibit 8 speaks for itself.  Wells Fargo denies the remaining allegations of paragraph 45.

46.     In response to paragraph 46, Wells Fargo asserts that paragraph 46 refers to Exhibit 1 to the First Amended Complaint and 15 U.S.C. § 1601 *et seq.*  Exhibit 1 to the First Amended Complaint and 15 U.S.C. § 1601 *et seq.* speak for themselves.  Wells Fargo admits that it was authorized to substitute another comparable Index if the World Savings Bank cost-of-savings Index became unavailable.

47.     In response to paragraph 47, Wells Fargo admits that the World Savings Bank cost-of-savings Index became unavailable on or around September 2007.  To the extent that Plaintiff contends that Wells Fargo had an obligation to provide documentation to Plaintiff indicating the precise date the World Savings Bank cost-of-savings Index became unavailable, Wells Fargo denies such an obligation.  Moreover, to the extent that Plaintiff asserts in this paragraph that perceived failures to produce certain matters in discovery constitutes a basis for affirmative relief, Wells Fargo notes that Local Bankruptcy Rule 7026(C) provides the sole means to address discovery disputes and that Plaintiff has not complied with that Rule.  To the extent that the Court deems Plaintiff's unorthodox approach to be a valid claim for relief, Wells Fargo denies the remaining allegations.

48.     In response to paragraph 48, Wells Fargo admits that Wachovia used the Wachovia cost-of-savings Index when the World Savings Bank cost-of-savings Index became unavailable on or around September 2007.  Wells Fargo denies the remaining allegations of paragraph 48.

49.     Wells Fargo denies the allegations of paragraph 49.

50.    Paragraph 50 contains a legal conclusion to which no response is required.  Wells Fargo denies the remaining allegations of paragraph 50.

51.    Wells Fargo denies the allegations of paragraph 51.

52.    Wells Fargo denies the allegations of paragraph 52.

53.    Wells Fargo denies the allegations of paragraph 53.

54.    Wells Fargo denies the allegations of paragraph 54.

55.    Wells Fargo denies the allegations of paragraph 55.

56.    Wells Fargo denies the allegations of paragraph 56.

57.    Wells Fargo denies the allegations of paragraph 57.

58.    In response to paragraph 58, Wells Fargo admits that Plaintiff received a temporary loan modification on or around February 2008.  Wells Fargo denies the remaining allegations of paragraph 58.

59.    Wells Fargo denies the allegations of paragraph 59.

60.    Paragraph 60 contains a legal conclusion to which no response is required.  Wells Fargo denies the remaining allegations of paragraph 60.

61.    In response to paragraph 61, Wells Fargo asserts that Wells Fargo & Company purchased Wachovia Corporation in 2008, and effective November 1, 2009, and Wachovia Mortgage FSB was converted to a national bank, with the name Wells Fargo Bank Southwest, N.A., which immediately merged into Wells Fargo Bank, N.A.

62.    In response to paragraph 62, Wells Fargo admits that it used the Wells Fargo Bank cost-of-savings Index when the Wachovia Bank cost-of-savings Index became unavailable on or around 2009.  Wells Fargo denies the remaining allegations of paragraph 62.

63.    Wells Fargo denies the allegations of paragraph 63.

64.      In response to paragraph 64, Wells Fargo asserts that paragraph 64 refers to Exhibit 9 to the First Amended Complaint.  Exhibit 9 speaks for itself.  Wells Fargo denies any attempt by Plaintiff to characterize Exhibit 9 or to draw inferences from the information contained therein.

65.      In response to paragraph 65, Wells Fargo asserts that paragraph 65 refers to Exhibit 10 to the First Amended Complaint.  Exhibit 10 speaks for itself.  Wells Fargo is without sufficient knowledge of the truth or falsity of the remaining allegations of paragraph 65 and consequently denies same.

66.      In response to paragraph 66, Wells Fargo asserts that paragraph 66 refers to Exhibit 10 to the First Amended Complaint.  Exhibit 10 speaks for itself.  Wells Fargo is without sufficient knowledge of the truth or falsity of the remaining allegations of paragraph 66 and consequently demands strict proof thereof while denying the same.

67.      Wells Fargo denies the allegations of paragraph 67.

68.      In response to paragraph 68, Wells Fargo asserts that paragraph 68 refers to Exhibit 3 to the First Amended Complaint.  Exhibit 3 speaks for itself.

69.      In response to paragraph 69, Wells Fargo asserts that paragraph 69 refers to Exhibit 4 to the First Amended Complaint.  Exhibit 4 speaks for itself.

70.      In response to paragraph 70, Wells Fargo asserts that paragraph 70 refers to a Settlement Agreement.  The Settlement Agreement speaks for itself.  Wells Fargo avers that paragraph 70 contains a legal conclusion to which no response is required.  Wells Fargo admits that Plaintiff received and cashed a settlement check pursuant to the Settlement Agreement.  Wells Fargo denies that Plaintiff was eligible for review for a loan modification pursuant to the terms of the Settlement Agreement and asserts that Wells Fargo nevertheless reviewed Plaintiff for loan modifications after execution of the Settlement Agreement.

71.    In response to paragraph 71, Wells Fargo asserts that paragraph 70 refers to Exhibit 4 to the First Amended Complaint and 11 U.S.C. § 502(b)(1).  Exhibit 4 and 11 U.S.C. § 502(b)(1) speak for themselves.  Wells Fargo denies the remaining allegations in paragraph 71.

72.    In response to paragraph 72, Wells Fargo asserts that paragraph 72 refers to Exhibit 2 to the First Amended Complaint.  Exhibit 2 speaks for itself.  Wells Fargo denies the remaining allegations of paragraph 72.

73.    To the extent that Plaintiff asserts in paragraph 73 that perceived failures to produce certain matters in discovery constitutes a basis for affirmative relief, Wells Fargo notes that Local Bankruptcy Rule 7026(C) provides the sole means to address discovery disputes and that Plaintiff has not complied with that Rule.  To the extent that the Court deems Plaintiff's unorthodox approach to be a valid claim for relief, Wells Fargo denies the remaining allegations.

74.    In response to paragraph 74, Wells Fargo asserts that paragraph 74 refers to Exhibit 5 to the Complaint.  Exhibit 5 speaks for itself.  Wells Fargo denies the remaining allegations of paragraph 74.

75.    To the extent that paragraph 75 explicitly incorporates undisclosed facts and ambiguously attempts to apply prior allegations "for the most part," Wells Fargo lacks sufficient knowledge of the truth or falsity of the allegations contained in paragraph 75 and consequently denies the same.

76.    Wells Fargo is without sufficient knowledge of the truth or falsity of the allegations of paragraph 76 and consequently denies same.

77.    In response to paragraph 77, Wells Fargo admits that an attachment to the Proof of Claim was filed on June 13, 2012.  Paragraph 77 refers to the Mortgage Proof of Claim Attachment.

The Mortgage Proof of Claim Attachment speaks for itself. Wells Fargo denies the remaining allegations of paragraph 77.

## BREACH OF CONTRACT

78.     Wells Fargo is without sufficient knowledge of the truth or falsity of the allegations of paragraph 78 and consequently denies same.

79.     In response to paragraph 79, Wells Fargo asserts that paragraph 79 refers to Exhibits 1 and 11 to the First Amended Complaint. Exhibits 1 and 11 speak for themselves. Wells Fargo denies the remaining allegations of paragraph 79.

80.     Wells Fargo is without sufficient knowledge of the truth or falsity of the allegations of paragraph 80 and consequently denies same.

81.     In response to paragraph 81, Wells Fargo asserts that paragraph 81 refers to Exhibit 6 to the First Amended Complaint. Exhibit 6 speaks for itself. Wells Fargo is without sufficient knowledge of the truth or falsity of the remaining allegations of paragraph 81 and consequently denies same.

82.     In response to paragraph 82, Wells Fargo asserts that paragraph 82 refers to the Settlement Agreement attached as Exhibit 3 to the First Amended Complaint. Exhibit 3 speaks for itself. Wells Fargo is without sufficient knowledge of the truth or falsity of the remaining allegations of paragraph 82 and consequently denies same.

83.     Wells Fargo is without sufficient knowledge of the truth or falsity of the remaining allegations of paragraph 83 and consequently denies same.

84.     Wells Fargo denies the allegations of paragraph 84.

85.     Wells Fargo denies the allegations of paragraph 85.

86.     Wells Fargo denies the allegations of paragraph 86.

87.    Wells Fargo denies the allegations of paragraph 87.

88.    In response to paragraph 88, Wells Fargo avers that Plaintiff improperly introduces inadmissible evidence of settlement negotiations in an attempt to influence the Court.  Wells Fargo denies that it ever breached, or remains in material breach, of the Settlement Agreement. Wells Fargo is without sufficient knowledge of the truth or falsity of the remaining allegations of paragraph 88 and consequently denies same.

89.    In response to paragraph 89, Wells Fargo admits that it has repeatedly reviewed Plaintiff for loan modifications in good faith.  Wells Fargo asserts that Plaintiff failed to qualify for a loan modification in the latter half of 2012.  Wells Fargo denies the remaining allegations of paragraph 89.

**VIOLATION OF RESPA**

90.    In response to paragraph 90, Wells Fargo admits that Plaintiff filed her Chapter 13 petition on December 12, 2011.  Wells Fargo asserts that paragraph 90 refers to a letter from Plaintiff to Wells Fargo sent on or about December 28, 2011.  The letter from Plaintiff to Wells Fargo sent on or about December 28, 2011 speaks for itself.  Wells Fargo notes that Plaintiff's characterization of the letter constitutes a legal conclusion to which no response is required. Wells Fargo is without sufficient knowledge of the truth or falsity of the remaining allegations of paragraph 90 and consequently denies same.[3]

91.    In response to paragraph 91, Wells Fargo asserts that paragraph 91 refers to a letter from Wells Fargo to Plaintiff sent on or about January 24, 2012.  The letter from Wells Fargo to Plaintiff sent on or about January 24, 2012 speaks for itself.  Wells Fargo is without sufficient

---

[3] Wells Fargo is without sufficient knowledge of the truth or falsity of the allegations of Footnote 3 and consequently denies same.

knowledge of the truth or falsity of the remaining allegations of paragraph 91 and consequently denies same.

92.      In response to paragraph 92, Wells Fargo asserts that paragraph 92 refers to a letter from Plaintiff to Wells Fargo sent on or about March 8, 2012.  The letter from Plaintiff to Wells Fargo sent on or about March 8, 2012 speaks for itself.  Wells Fargo is without sufficient knowledge of the truth or falsity of the remaining allegations of paragraph 92 and consequently denies same.[4]

93.      In response to paragraph 93, Wells Fargo asserts that paragraph 93 refers to documentation attached as Exhibit 13 to the First Amended Complaint.  Exhibit 13 speaks for itself.

## VIOLATION OF THE AUTOMATIC STAY

94.      In response to paragraph 94, Wells Fargo asserts that Plaintiff has made some payments since the petition date of December 12, 2011.  Wells Fargo denies the remaining allegations of paragraph 94.

95.      In response to paragraph 95, Wells Fargo asserts that paragraph 95 refers to the Official Forms and Rules.  The Official Forms and Rules speak for themselves.  Wells Fargo denies the remaining allegations of paragraph 95.

96.      Wells Fargo is without sufficient knowledge of the truth or falsity of the allegations of paragraph 96 and consequently denies same.

97.      Wells Fargo denies the allegations of paragraph 97.

98.      Wells Fargo denies the allegations of paragraph 98.

99.      Wells Fargo denies the allegations of paragraph 99.

100.     Wells Fargo denies the allegations of paragraph 100.

---

[4] To the extent Footnote 4 asserts that Wells Fargo had an obligation to make available the loan origination documents to Plaintiff, Wells Fargo denies the allegations.

101.    In response to paragraph 101, Wells Fargo asserts that paragraph 101 refers to Exhibit 1 to the First Amended Complaint.  Exhibit 1 speaks for itself.  Wells Fargo denies the remaining allegations of paragraph 101.

102.    In response to paragraph 102, Wells Fargo asserts that paragraph 102 refers to the monthly payment coupon and the Plan dated January 8, 2013.  The monthly payment coupon and the Plan dated January 8, 2013 speak for themselves.  Wells Fargo denies the remaining allegations of paragraph 102.

103.    In response to paragraph 103, Wells Fargo denies that Wells Fargo ever intruded upon the Property to exercise control over the Property, to humiliate the Plaintiff, or to intimidate Plaintiff.   Wells Fargo is without sufficient knowledge of the truth or falsity of the remaining allegations of paragraph 103 and consequently denies same.

104.    Paragraph 104 contains legal conclusions to which no response is required.  Wells Fargo denies the remaining allegations of paragraph 104.

105.    Paragraph 105 contains a legal conclusion to which no response is required.  Wells Fargo is without sufficient knowledge of the truth or falsity of the remaining allegations of paragraph 105 and consequently denies same.

106.    Paragraph 106 contains a legal conclusion to which no response is required.  To the extent a response is required, Wells Fargo denies the allegations of paragraph 106.

107.    Paragraph 107 contains a legal conclusion to which no response is required.  Wells Fargo is without sufficient knowledge of the truth or falsity of the remaining allegations of paragraph 107 and consequently denies same.

108.    Paragraph 108 is a legal conclusion to which no response is required.

109.     Wells Fargo is without sufficient knowledge of the truth or falsity of the allegations of paragraph 109 and consequently denies same.

## COUNT I: DISALLOWANCE OF PROOF OF CLAIM

110.     Wells Fargo incorporates its answers to paragraphs 1-109 above herein.

111.     Paragraph 111 is a legal conclusion to which no response is required.  To the extent a response is required, Wells Fargo denies the allegations of paragraph 111.

112.     Wells Fargo denies the allegations of paragraph 112.

113.     Wells Fargo denies the allegations of paragraph 113.

114.     Wells Fargo denies the allegations of paragraph 114.

115.     Wells Fargo denies the allegations of paragraph 115.

### Response to First Prayer for Relief

Wells Fargo denies all remaining allegations not specifically admitted herein and requests that the Court deny Plaintiff the relief requested.

## COUNT II: SPECIFIC PERFORMANCE

116.     Wells Fargo incorporates its answers to paragraphs 1-115 above herein.

117.     Paragraph 117 is a legal conclusion to which no response is required.  To the extent a response is required, Wells Fargo denies the allegations of paragraph 117.

### Response to Second Prayer for Relief

Wells Fargo denies all remaining allegations not specifically admitted herein and requests that the Court deny Plaintiff the relief requested.

## COUNT III: BREACH OF CONTRACT

118.     Wells Fargo incorporates its answers to paragraphs 1-117 above herein.

119.     Paragraph 119 is a legal conclusion to which no response is required.  To the extent a response is required, Wells Fargo denies the allegations of paragraph 119.

120.    Wells Fargo denies the allegation of paragraph 120.

### Response to Third Prayer for Relief

Wells Fargo denies all remaining allegations not specifically admitted herein and requests that the Court deny Plaintiff the relief requested.

### COUNT IV: VIOLATION OF RESPA (12 U.S.C. § 2605)

121.    Wells Fargo incorporates its answers to paragraphs 1-120 above herein.

122.    Paragraph 122 is a legal conclusion to which no response is required.  To the extent a response is required, Wells Fargo denies the allegations of paragraph 122.

123.    Paragraph 123 is a legal conclusion to which no response is required.  To the extent a response is required, Wells Fargo denies the allegations of paragraph 123.

124.    Wells Fargo denies the allegations of a paragraph 124.

### Response to Fourth Prayer for Relief

Wells Fargo denies all remaining allegations not specifically admitted herein and requests that the Court deny Plaintiff the relief requested.

### COUNT V: VIOLATION OF THE AUTOMATIC STAY

125.    Wells Fargo incorporates its answers to paragraphs 1-124 above herein.

126.    Paragraph 126 is a legal conclusion to which no response is required.  To the extent a response is required, Wells Fargo denies the allegations of paragraph 126.

### Response to Fifth Prayer for Relief

Wells Fargo denies all remaining allegations not specifically admitted herein and requests that the Court deny Plaintiff the relief requested.

### AFFIRMATIVE DEFENSES

1.    For the reasons stated in Wells Fargo's Motion to Dismiss, the Complaint fails to state a cause of action for which relief may be granted.

2.      Plaintiff's claims are not core claims over which this Court has jurisdiction.

3.      This Court lacks jurisdiction over the claims asserted herein because the United States

District Court for the Northern District of California reserved exclusive jurisdiction over

interpretation of the Settlement Agreement .

4.      Wells Fargo's actions conformed to the United States Bankruptcy Code.

5.      Plaintiff's claims are barred by the doctrine of *res judicata.*

6.      Plaintiff's claims are barred because she has unclean hands.

7.      Plaintiff's claims are barred by the doctrines of estoppel and waiver.

8.      Plaintiff's claims are barred by the applicable statute of limitations

9.      Plaintiff's claims are barred by the doctrine of first material breach

10.     Plaintiff's claims are barred by accord and satisfaction.

11.     Wells Fargo reserves the right to assert additional defenses that it learns through the

course of discovery.

WHEREFORE, for the foregoing reasons, Wells Fargo Bank, N.A. respectfully prays that

the Complaint be dismissed with prejudice, together with an award of its costs, including

attorneys' fees.

This the 17th day of April, 2013.

Respectfully submitted,

/s/ *Billy B. Ruhling, II*
Richard E. Hagerty
VSB No. 47673
Billy B. Ruhling, II
VSB No. 45822
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA  22102
(703) 734-4334
(703) 734-4340 (facsimile)
richard.hagerty@troutmansanders.com
bill.ruhling@troutmansanders.com

*Counsel for Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2013, a true and correct copy of the foregoing was filed via the CM/ECF system, which will send a notice of electronic filing to the counsel listed below:

**Alfred Patrick Boland**
Alfred P. Boland, Attorney at Law
4000 Legato Road, Suite 1100
Fairfax, VA 22033
(703) 896-7678
(703) 896-7601 (Facsimile)
Email:  apboland@yahoo.com

*Counsel for Plaintiff*

/s/ *Billy B. Ruhling, II*
Billy B. Ruhling, II

20393497v4