UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br>BIBIANA M. RODRIGUEZ,<br>   *Debtor*. | CASE NO. 11-18847-RGM<br><br>CHAPTER 13 |
| BIBIANA M. RODRIGUEZ<br>   *Plaintiff*,<br>v.<br><br>WELLS FARGO BANK, N.A.,<br>   *Defendant*. | ADVERSARY PROCEEDING<br><br>NO. 13-01016-RGM |

## ORDER

This Adversary Proceeding comes before the Court on the First Amended Complaint (the "Complaint") [Docket No. 14] filed by Plaintiff Bibiana Rodriguez against Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). The majority of the Complaint was disposed of by this Court's Order on Motion to Dismiss [Docket No. 43] and Order on Motion for Summary Judgment [Docket No. 80]. On April 10, 2014, this Court held a hearing (the "Hearing") on the sole remaining issue raised in the Complaint: Whether certain property inspections conducted by Wells Fargo at the Plaintiff's residence located at 9695 Lindenbrook Ave, Fairfax Virginia (the "Property") constituted violations of the automatic stay imposed by 11 U.S.C. § 362(a).

At the Hearing this Court heard the testimony of the Plaintiff, her daughter, her son-in-law,[1] and the testimony of a corporate representative from Wells Fargo.  Based on that testimony and the other evidence introduced by the parties at the Hearing, this Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Prior to December 12, 2011 (the "Petition Date"), Wells Fargo was actively conducting collection activities in connection with the Plaintiff's mortgage loan secured by the Property.

2. Plaintiff asserted that on at least three different post-petition dates, a Wells Fargo employee or agent came to the Property, knocked on the door, and asked whether Bibiana Rodriguez still resided there.  Wells Fargo disputes this testimony, noting that the property inspectors were authorized only to conduct "drive-by" inspections.  This Court need not resolve this dispute and makes no findings as to whether the post-petition property inspections included knocks on the Plaintiff's door or discussions with the Plaintiff.

3. During these inspections, no employee or agent of Wells Fargo took any act to collect a debt, made any attempt to take possession of the Property, or made any threatening or intimidating act during any of the Property inspections.

---

[1] These three witnesses (together the "Plaintiff's Witnesses") testified in Spanish through an interpreter provided by the Plaintiff.

## CONCLUSIONS OF LAW

1. Section 362(a)(3), (6), and (7)[2] of Title 11 of the United States Code (the "Bankruptcy Code") provides as follows:

    a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of—
    3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
    ****
    6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title [and];
    7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor . . . .

2. The only purpose for which Wells Fargo or its employees or agents inspected the Property was to verify that the Plaintiff still lived there.

3. Neither Wells Fargo nor any of its employees or agents took any post-petition act to obtain possession of the Property.

4. Neither Wells Fargo nor any of its employees or agents took any post-petition act to collect, assess or recover a pre-petition claim against the Plaintiff.

5. There was not any cause for which Wells Fargo or any of its employees or agents could have pursued a set-off in this case.

6. As the Plaintiff, her daughter, and her son-in-law each testified, each time the Property was inspected after the Petition Date, the inspectors only sought to verify

---

[2] Plaintiff has limited her theory of recovery to stay violations occurring under 11 U.S.C. § 362(a)(3), (6), and (7). See Plaintiff's Responses to Interrogatories, ¶ 16, introduced at the trial as Defendant's Exhibit 5.

that the Plaintiff still resided in the Property. Based upon the testimony adduced from these witnesses, the Court finds that Wells Fargo took no act to collect on a debt or to obtain possession of the Property during the property inspections.

7. The text of Section 362(a)(3)[3] requires that—to constitute a violation of the automatic stay—the creditor must take an "act to obtain possession of property of the estate or . . . to exercise control over property of the estate . . . ." 11 U.S.C. § 362(a)(3). The Court finds based upon the Plaintiff's admission and the testimony of all witnesses in the case, that Wells Fargo took no such act.

8. There was some conflicting testimony as to whether any employee or agent of Wells Fargo knocked on the Plaintiff's door after the Petition Date.[4] The undisputed evidence proved, however, that neither Wells Fargo nor any of its employees or agents took any post-petition act to obtain possession of the property or to exercise control over the Property. In fact, the uncontroverted testimony of all four witnesses established that no Wells Fargo employee or agent made any effort to collect a debt from the Plaintiff, to enforce a security interest against the Property, or to obtain possession of the Property after the Petition Date.

9. Based upon the evidence presented at trial in this case, the Court finds that even if Wells Fargo conducted post-petition property inspections which included knocks on

---

[3] As this Court noted from the bench at the Hearing, Plaintiff's claims arising under § 362(a)(6) and (7) are inapplicable to the case at hand. They pertained to other portions of the Complaint which were dismissed by Order of this Court.

[4] The Plaintiff's Witnesses testified that Wells Fargo conducted approximately three (3) post-petition knock inspections. The Wells Fargo representative testified that no post-petition knock inspections were authorized.

the Plaintiff's door, Wells Fargo's post-petition property inspections did not violate the automatic stay.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE IT IS ORDERED,

i. The Court finds in favor of, and enters judgment on behalf of the Defendant Wells Fargo Bank, N.A.;

ii. Plaintiff is not entitled to any relief requested in the First Amended Complaint;

iii. Plaintiff shall take nothing in this case; and

iv. This Adversary Proceeding is closed and this Order is final.

Alexandria, Virginia
_____, 2014

                                      Robert G. Mayer
                                      United States
                                      Bankruptcy Judge

| Seen: | Seen and Objected to : |
|---|---|
| */s/ Billy B. Ruhling, II*<br>Billy B. Ruhling, II, VSB #45822<br>Troutman Sanders, LLP<br>1660 International Drive<br>McLean, Virginia 22102<br>703-734-4334 (office)<br>703-734-4340 (facsimile)<br>bill.ruhling@troutmansanders.com<br><br>*Counsel for Wells Fargo Bank, N.A.* | - As repugnant to the Deed of Trust<br>- As contrary to the law and facts<br>- As contrary to the Deed of Trust<br>- As contrary to § 362<br>- As contrary to basic policy as it essentially declares "open season" on Chapter 13 debtors<br>- Admission of Defendant's Exhibits as contrary to Court's Order dated January 16, 2013<br><br>_/s/_____<br>Alfred P. Boland, VSB #31037<br>Counsel to Debtor<br>4000 Legato Road, Suite 1100<br>Fairfax, Virginia  22033<br>703-896-7678 (office)<br>703-896-7601 (facsimile)<br>apboland@yahoo.com<br><br>*Counsel for Plaintiff* |